**No. 26-50280**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**ADRIAN CONEJO ARIAS,**
**L.C.R.,**
**Petitioners-Appellees,**

**v.**

**MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; TODD WALLACE BLANCHE, Acting U.S. Attorney General; DAREN K. MARGOLIN, in his official capacity as Acting Director, Executive Office for Immigration Review; JOSE RODRIGUEZ, JR., in his official capacity as Warden, Dilley Immigration Processing Center,**
**Respondents-Appellants.**

# RESPONDENT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Respondents-Appellants, through undersigned counsel, respectfully move the Court, under Fed. R. App. P. 10(e)(2)(C), to supplement the record on appeal with the enclosed documents. Those documents include: (1) a declaration prepared by Frank X. Padilla, a Deportation Officer with United States Immigration and Customs Enforcement ("ICE"); and (2) an email sent from District Court Judge Fred Biery to the parties relating to a mural that included him and the Petitioners that he was hoping to have commissioned.

As a general matter, under Rule 10 of the Federal Rules of Appellate Procedure, the record on appeal is limited to the "(1) original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the clerk of the district court." *Craig v. Bisignano*, 157 F.4th 773, 775 (5th Cir. 2025) (quoting Fed. R. App. P. 10(a)) (internal quotation marks omitted). The court of appeals may supplement the record "if anything material to either party is omitted from . . . the record by error or accident" Fed. R. App. P. 10(e)(2)(C), or in "extraordinary circumstances," *see United States v. Myers*, 772 F.3d 213, 217-18 (5th Cir. 2014) (observing that the Court's favorable exercise of its discretion to permit extra-record evidence is generally reserved for "extraordinary circumstances" but supplementing the record due to a possible error with electronic filing and parties' agreement); *Byrne v. Butler*, 845 F.2d 501, 513 n.10 (5th Cir. 1988) (permitting submission of an affidavit not presented before the district court, where it was "immaterial to [the Court's] decision"); *see United States v. Mori*, 444 F.2d 240, 246-47 (5th Cir. 1971) (considering additional evidence after a district court granted a motion to correct the record after appeal had been taken).

Here, Respondents-Appellants respectfully submit that such an extraordinary circumstance exists and that the record should be supplemented due to the district

court's unusual procedures and decision, which prevented the United States Attorney's Office and the Department of Homeland Security from developing the record. As shown in Respondent's opening brief, the record reflects that the case was decided extremely quickly, with limited briefing by Petitioners—who offered no evidence—and decided on grounds not raised by either party. Indeed, the district court entered final judgment and ordered the Petitioners released within a week of the case being filed. The attached declaration of Frank X. Padilla, an ICE officer who encountered Petitioners during Operation Metro Surge, explains the circumstances surrounding Petitioners' arrest and detention and the decision to take the minor Petitioner into custody. This declaration also sheds light on the treatment Petitioners received in ICE custody. Given that the district court declined to develop the evidentiary record in any manner, it is important that this Court allow Respondents to respond to the unsupported factual allegations raised by Petitioners in their habeas petition.

Further, Respondents request that this Court consider the attached email from Judge Biery in relation to Respondents' request that the case be reassigned to a different judge should the petition be remanded. The email strongly reflects Judge Biery's bias against ICE and is compelling proof that he will not issue a fair decision in this case. The Judge has interjected himself directly into this case, lionizing

himself. Indeed, after granting Petitioners' habeas petition, Judge Biery sought to have a mural commissioned, to include a picture of him and Petitioners and potentially even a congressman. This occurred after final judgment had been entered, so Respondents did not have a chance to place it in the record and, in any event, doing so clearly would have been futile. It cannot be gainsaid that this is behavior not evidencing impartiality. This Court should consider this important post-judgment evidence of the Judge's improper behavior and bias that warrants reassignment for any further proceedings.

Accordingly, Respondents-Appellants respectfully request that this Court supplement the record with the two documents attached to this motion.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)-860-8970

August 4, 2026

Attorneys for Respondents-Appellants

## CERTIFICATE OF CONFERENCE

Pursuant to 5th Circuit Rule 27.4, I certify that on August 4, 2026, Petitioners' counsel indicated that Petitioners are opposed to this motion and intend to file a response.

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)-860-8970

## CERTIFICATE OF COMPLIANCE

I certify that the attached complies with the requirements of Fed. R. App. P. 27(d)(2), 32(a)(5), & 32(a)(6) because it contains 656 words and has been prepared in a proportionally-spaced typeface, using Word for Microsoft 365, in Times New Roman 14-point font.

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)-860-8970

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)-860-8970