# No. 26-50280

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

Adrian Conejo Arias; L.C.R., a minor child by and through his parent and guardian Adrian Conejo Arias,

Petitioners - Appellees,

v.

Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement; Todd Wallace Blanche, Acting U.S. Attorney General; Daren K. Margolin, in his official capacity as Acting Director of the Executive Office of Immigration Review; Jose Rodriguez, Jr., in his official capacity as the Warden of the Dilley Immigration Processing Center in Dilley, Texas,

Respondents - Appellants.

---

**On Appeal from**

United States District Court for the Western District of Texas

5:26-CV-415

---

# PETITIONERS-APPELLEES' RESPONSE OPPOSING RESPONDENTS-APPELLANTS' MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND OPPOSED CONDITIONAL CROSS-MOTION TO SUPPLEMENT

---

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to 5th Circuit Rule 27.4, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Respondents-Appellants**

1. Jose Rodriguez, Jr., Warden of the Dilley Immigration Processing Center in Dilley, Texas,
2. Tiberius Davis, Counsel for Respondents-Appellants, of the U.S. Department of Justice
3. Drew Ensign, Counsel for Respondents-Appellants, of the U.S. Department of Justice
4. Markwayne Mullin, Secretary, U.S. Department of Homeland Security
5. Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement
6. Todd Wallace Blanche, Acting U.S. Attorney General
7. Daren K. Margolin, Acting Director, Executive Office of Immigration Review

**Petitioners-Appellees**

8. Adrian Conejo Arias, Petitioner-Appellee
9. L.C.R., Petitioner-Appellee

10. Texas Civil Rights Project ("TCRP")

11. Daniel Hatoum, Lead Counsel for Petitioners-Appellees, of TCRP

12. S. Denni Arnold, Counsel for Petitioners-Appellees, of TCRP

13. Kate Gibson Kumar, Counsel for Petitioners-Appellees, of TCRP

14. Zachary Dolling, Counsel for Petitioners-Appellees, of TCRP

15. The Law Firm of Jennifer Scarborough

16. Jennifer Scarborough, Counsel for Petitioners-Appellees in the district court proceedings, of the Law Firm of Jennifer Scarborough

/S/ *Daniel Hatoum*
Daniel Hatoum
*Counsel of Record for Petitioners-Appellees*

Dated: August 10, 2026

# INTRODUCTION

The Government's Motion to Supplement the Record on Appeal inappropriately seeks to submit evidence to this Court that the Government could have and should have submitted to the district court in the first instance. *See generally* Resp't's Mot. to Suppl. ("Gov. Mot."); Gov. Mot., Ex. 1, Frank X. Padilla Declaration ("Padilla Declaration"). But the Federal Rules of Appellate Procedure and binding case law make clear that parties must live with their litigation choices in the district court, and cannot simply request a do-over at the appellate level. This Court should not allow the Government to manipulate the record at this late stage, and should thus deny its Motion as to the Padilla Declaration.[1]

If the Court finds that the Government has met the high bar to introduce new evidence at this late stage, however, Mr. Conejo Arias and his young son L.C.R.

---

[1] Mr. Conejo Arias and L.C.R. take no position on the Government's request to consider an email it asserts that Judge Biery sent to the parties days after he entered judgment against the Government. *See generally* Gov. Mot., Judge Biery Email (Ex. 2). Even if the Court were to allow the email into the record, it has no bearing on whether Mr. Conejo Arias' and L.C.R.'s arrest and detention without bond were unlawful and whether their habeas petition should have been granted. However, Mr. Conejo Arias and L.C.R. note that the Government's request is not a proper use of Rule 10(e)(2)(C). *See, e.g.*, *Hyde & Hyde, Inc. v. Mount Franklin Foods, L.L.C.*, 523 F. App'x 301, 303 (5th Cir. 2013) (per curiam) (materials "executed after the district court issued its final determination" were not "omitted from the record by error or accident" and there are not subject to supplementation under Federal Rule of Appellate Procedure 10(e)(2)). Mr. Conejo Arias and L.C.R. disagree with the Government's contention that this Court should reassign this case if it decides a remand is necessary, *see* Resp't's Opening Br. ("Gov't Br.") at 41–49, and will respond to the Government's arguments in their forthcoming response brief.

Gov't Br. references in this filing use the CM/ECF page numbers rather than the page number appearing at the bottom of the page.

maintain that such supplementation would be inappropriate without also incorporating countervailing evidence necessary to ensure an accurate record. They accordingly respectfully move the Court to also supplement the record with the attached sworn declarations from Mr. Conejo Arias and Ali Daniels, a third-party witness to the events.

## ARGUMENT

The Government's chief complaint is that the district court too expeditiously ordered freedom from detention for Mr. Conejo Arias and his five-year-old son L.C.R. It further faults the district court for "declin[ing] to develop the evidentiary record," Gov. Mot. at 3. In casting blame for that supposed deficiency, it neglects to mention that it did not protest the schedule below, which gave it more than the ordinary, statutorily-required time to identify a factual dispute; timely filed its response; and affirmatively requested that the petition be decided without an evidentiary hearing.

Now, unsatisfied with the results of the process the Government itself requested, the Government asks this Court for a second bite at the apple. In doing so, it pays lip service to the idea that supplementing the record on appeal is permitted only under "extraordinary circumstances," Gov. Mot. at 2—yet its opening brief concedes the absence of such circumstances by acknowledging that the declaration is "unnecessary to reverse" the decision below, Gov. Br. at 35. That concession gives

away the game. But even setting that aside that threshold defect, the Government's arguments justifying its untimely submission of evidence are both unconvincing and wrong. The Government could have submitted the Padilla Declaration, or anything similar, to the district court. But it did not. Both the Rules and this Court's precedents require it to live with that choice.

If the Court is nevertheless inclined to grant the Government's motion, Mr. Conejo Arias and L.C.R. respectfully request that it also grant their cross-motion to supplement the record with sworn declarations from Mr. Conejo Arias and witness Ali Daniels. Mr. Conejo Arias and L.C.R. stress, however, that while allowing both parties to supplement is more equitable than allowing only one, their primary position is that the record should remain closed because the Government falls far short of satisfying the high bar for supplementation.

## I. The Government could have filed the Padilla Declaration with the district court prior to final judgment, and this Court should therefore not consider it.

The Government's Motion fails to grapple with the foundational principle that appellate courts do not weigh new evidence or revisit facts never presented to lower courts. Appellate review requires a closed record of lower court proceedings. *See, e.g.*, *Holmes v. Trout*, 32 U.S. 171, 210 (1833). Federal Rule of Appellate Procedure 10(a) thus restricts the record on appeal to "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy

of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). And, "[c]onsistent with Rule 10(a), [this Court] ha[s] excluded filings attached to briefs that were not available to the district court and offered by a party for the first time on appeal," because it is "barred from considering filings outside the record on appeal." *Craig v. Bisignano*, 157 F.4th 773, 775 (5th Cir. 2025) (citation omitted).

Rule 10(a) is subject to only one exception: Rule 10(e) allows "[c]orrection or [m]odification of the [r]ecord . . . [i]f anything material to either party is omitted from or misstated in the record by error or accident." *See* Fed. R. App. P. 10(e)(2)(C). This Court "rarely grant[s]" Rule 10(e) motions. *Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs.*, *Inc.*, 622 F. App'x 383, 387 (5th Cir. 2015).

As a general matter, Rule 10(e) "permits supplementation to ensure that the record accurately reflects what occurred in the district court, not to add evidence never presented there." *McDuff v. Robinson*, No. 24-40720, 2026 WL 963503, at *2 (5th Cir. Apr. 9, 2026); *accord Kemlon Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981) ("A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court."); *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974) (per curiam) ("Rule 10(e) exists to allow [courts] to conform the record to what happened [in the district court], not to what did not."). Such application of Rule 10(e) is unavailable here. The Government makes no suggestion that consideration of the Padilla Declaration "occurred in the district

court" yet is somehow missing from the record on appeal due to some error or accident in its transmittal and receipt.

Instead, the Government asks this Court to exercise its Rule 10(e) discretion in the extraordinary posture of correcting *the Government's own litigation choice not to introduce this evidence in the district court.* None of the authorities the Government invokes support that remarkable request.

The government's chief authority for the notion that "extraordinary circumstances" might warrant such relief, *see* Gov. Mot. at 2 (citing *United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014)), did not even involve supplementation of the record transmitted from the district court. In *Myers*, this Court *sua sponte* determined that it would consider an untimely filed appellate reply brief for three reasons: (1) the one-day-late submission may have been attributable to problems with the electronic filing process; (2) the brief raised "a constitutional [issue] of much importance" as to which the Government conceded plain error; and (3) the Government did not object to the brief's untimeliness. 772 F.3d at 218. Even with all three of those unusual factors present, allowing consideration of the brief was "a very close call." *Id.*

*Myers* is no help to the Government here. For one, its posture was obviously different. It did not involve an attempt to enlarge the factual record on appeal, and indeed did not involve the record transmitted from the district court at all. Instead,

the case presented the question of whether this Court should consider a late-filed *appellate* brief that raised *legal* issues of extraordinary importance and magnitude. But even setting that aside and assuming that "extraordinary circumstances" could justify the Government's requested relief in the distinct posture at issue here, the Government has come nowhere close to establishing such circumstances.

**First**, the Government had every opportunity to submit the Padilla Declaration, or a similar document, to the district court. The district court's deadline for the Government to respond and its subsequent judgment both occurred well within the statutory bounds for resolving habeas petitions. Namely, a court shall "forthwith" award a writ of habeas corpus or issue an order to show cause, which "shall be returned [by the respondent] within three days" unless the court allows additional time for good cause. 28 U.S.C. § 2243. A court shall set a hearing "not more than five days after the return," unless it grants additional time for good cause. *Id.*

Here, two days after receiving the habeas petition, the district court ordered the Government to respond within five days, consistent with the § 2243 timelines. *See* ROA.7 [*Conejo Arias v. Noem*, No. 5:26-cv-415 (W.D. Tex.), Dkt. No. 1 ("*Conejo Arias* Dkt.")], ROA.83-84 [*Conejo Arias* Dkt. No. 5]. The court then amended the Government's response deadline to January 30, four days after its original order—still providing more time than the statutory minimum of three days.

ROA.86 [*Conejo Arias* Dkt. No. 7]. The Government timely filed its response, and did not protest the court's timeline. *See generally* ROA.88-100 [*Conejo Arias* Dkt. No. 8]. At no point did the Government request additional time or otherwise seek a continuance to gather evidence.

To the contrary, the Government explicitly asked the court to "deny this habeas petition *without the need for an evidentiary hearing*," ROA.88 (emphasis added). Consistent with the Government's request, the district court did rule on the papers without a hearing—albeit granting relief rather than denying it on the record before it. ROA.102 [*Conejo Arias* Dkt. No. 9], ROA.104-05 [*Conejo Arias* Dkt. No. 10]. The Government thus had *more* time to respond than statutorily required and did not request an extension. It simply failed to submit the Padilla Declaration. On top of that, it offers zero explanation for why it did not or could not have submitted this or a similar declaration to the district court in January 2026, other than vaguely alluding to "unusual procedures" without acknowledging the statutory requirements for habeas proceedings. *See* Gov. Mot. at 2–3. That is not enough at the appellate level: "it is now too late to remedy [a party's] omission." *Holmes*, 32 U.S. at 210.

**Second**, unlike the untimely reply brief in *Myers*, which raised an *Ex Post Facto* Clause argument regarding criminal sentencing that caused the Government to concede plain error, the Padilla Declaration does not present "a constitutional [issue] of much importance." 772 F.3d at 218. Instead, it purportedly "explains the

circumstances surrounding Petitioners' arrest and detention" and "sheds light on the treatment Petitioners received in ICE custody." Gov. Mot. at 3. Correction with the benefit of hindsight of the Government's litigation choice not to submit any declaration to the district court is simply not comparable to permitting appellate consideration of a constitutional error of such magnitude that the opposing party would concede plain error.

And **third**, as the Government admits, in *Myers* the parties agreed that the Court should consider the constitutional issue raised by the untimely brief. Gov. Mot. at 2; *Myers*, 772 F.3d at 217–18; *cf.* Fed. R. App. P. 10(e)(2)(A) (allowing supplementation "on stipulation of the parties"). The parties here certainly do not agree.

The other two cases relied upon by the Government, *Byrne v. Butler*, 845 F.2d 501 (5th Cir. 1988), and *United States v. Mori*, 444 F.2d 240 (5th Cir. 1971), are similarly inapposite. *See* Gov. Mot. at 2. The Government cites *Byrne* for the proposition that this Court permitted an untimely affidavit presenting new evidence "where it was 'immaterial to [the Court's] decision.'" Gov. Mot. at 2 (quoting *Byrne*, 845 F.2d at 513 n.10). While true, that is only half the story; it would make no sense for that alone to qualify new evidence for consideration. Rather, the untimely evidence in *Byrne* could not have been created until after trial: an affidavit in support of claims of ineffective assistance of counsel for failure to present evidence *at trial*.

845 F.2d at 512–13, 513 n.10. And, by considering the affidavit then, this Court could head off a future district court habeas action based on it. *Id.* at 513 n.10.

Here the Government wants to have it both ways. It contends that "it is important that this Court allow Respondents to respond" via its untimely declaration to the facts set forth in the habeas petition, Gov. Mot. at 3, and indeed, the Government's opening brief relies heavily on the untimely Padilla Declaration, *see* Gov. Br. at 16, 23–25, 35–38.[2] Yet the Government *also* concedes that the declaration is "unnecessary to reverse" the decision below. Gov. Br. at 35.

*Byrne* does not support supplementation based on either position. To the extent the Padilla Declaration is important, it is not immaterial, and the Government provides no justification for why it should receive a second bite at the apple: it does not explain why it was unable to present similar evidence below, did not ask for additional time to do so, and now complains of its own choice to request that the district court decide the case without an evidentiary hearing. To the extent the Padilla

---

[2] If this Court denies the Government's motion to supplement, it should also strike any references to the Padilla Declaration from the Government's opening brief. *See, e.g.*, *Doe v. United States*, 51 F.3d 693, 698 n.3 (7th Cir. 1995) (denying motions to supplement the record and striking "the extra-record material from the appendix to the government's brief, *and any references to them*, from the record" (emphasis added)); *Smith & Wesson, Div. of Bangor Punta Corp. v. United States*, 782 F.2d 1074, 1084 (1st Cir. 1986) (granting motion to strike first thirty pages of reply brief which "state[d] and argue[d] facts that were not part of the record"); *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 163 (8th Cir. 1997) (striking factual assertions not accompanied by citations to the district court record).

Alternatively, the Court could require the Government to "file a new brief, shorn of the offending matter." *Henn v. Nat'l Geographic Soc'y*, 819 F.2d 824, 831 (7th Cir. 1987).

Declaration is immaterial, its consideration adds nothing, and there is no other rationale for considering it now. This is especially true because the Government could easily have submitted such evidence below; it had unfettered access to its employees like Padilla and simply failed to submit his or a similar declaration *for six months*.

Finally, *Mori* reflected a completely different procedural posture, in which this Court affirmed a district court's grant of a motion to correct the record post-appeal. 444 F.2d at 246. Crucially, the correction at issue in *Mori* concerned remarks made *at trial*, and the district court merely corrected the record to reflect what actually transpired. *Id.* That quintessential application of Rule 10(e) bears no resemblance to the Government's efforts to introduce new evidence into the record here. As this Court has stated, "Rule 10(e) exists to allow [courts] to conform the record to what happened, *not to what did not*." *Smith*, 493 F.2d at 907 (emphasis added); *see also Hall v. Hoke*, 471 Fed. App'x 269, 270, 2012 WL 911911, at *1 (5th Cir. 2012). Unlike in *Mori*, the Government here asks this Court to supplement the record *based on what did not happen* in the district court—namely, its failure to submit a declaration. Gov. Mot. at 2–3.

* * *

The Government has provided no justification to overcome the strong presumption against "enlarg[ing] the record on appeal with evidence not before the

district court." *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008) (citation omitted) (affirming denial of motion to supplement); *see also Kemlon*, 646 F.2d at 224 (same and collecting cases); *cf. Dobbs v. Zant*, 506 U.S. 357, 358–59 (1993) (reversing denial of motion to supplement "under the particular circumstances" of a capital habeas petitioner's ineffective assistance of counsel claim). This Court should reject the Government's attempt to create a new evidentiary record at the appellate level.

## II. Alternatively, if the Court allows the Government to enlarge the record, it should also grant Mr. Conejo Arias and L.C.R.'s conditional motion to supplement.

Mr. Conejo Arias' and L.C.R.'s principal position is that this Court should deny the Government's Motion to Supplement the Record on Appeal and preserve the record as it stands, at least as to the Padilla Declaration. If, however, the Court grants the Government's motion despite its failure to satisfy the high bar for supplementation, it should also allow Mr. Conejo Arias and L.C.R. to supplement.

Mr. Conejo Arias and L.C.R. thus respectfully but conditionally move the Court, under Fed. R. App. P. 10(e)(2)(C), to supplement the record on appeal with Exhibits 1 and 2 attached to this Response and Conditional Counter-Motion. These documents, consisting of sworn declarations from Mr. Conejo Arias and Ali Daniels, a third-party witness to the relevant events, corroborate the petition and contradict the Padilla Declaration.

In fact, Mr. Conejo Arias and L.C.R. present a stronger case to supplement the record than the Government does. Their interests in liberty, due process, and their Fourth Amendment rights are clearly "constitutional [issues] of much importance" like those considered by this Court in *Myers*. 772 F.3d at 218. And the Government clearly had much easier access to *its own employee* for purposes of developing the record in the district court, in comparison to the access Mr. Conejo Arias' and L.C.R.'s counsel had to them, given that both were detained in Texas after being arrested in Minnesota. The most equitable use of this Court's Rule 10(e) discretion would be to deny all supplementation, keeping the record closed; the next-most equitable use would be to allow *both* parties to supplement. However, no further litigation of the facts is proper, and the Court should simply deny the Government's motion.

## CONCLUSION

Petitioners-Appellees Adrian Conejo Arias and L.C.R. respectfully ask this Court to deny the Government's Motion to Supplement the Record on Appeal with respect to the Padilla Declaration.

In the alternative, if the Court grants the Government's motion, Petitioners-Appellees respectfully move the Court to grant their motion to supplement the record with the attached sworn declarations from Mr. Conejo Arias and Ali Daniels.

Dated: August 10, 2026

Respectfully submitted,

/S/ *Daniel Hatoum*
Daniel Hatoum
Texas Bar No. 24099136
Texas Civil Rights Project
P.O. Box 219
Alamo, Texas 78516
(956) 787-8171 ext. 208
(956) 787-6348
daniel@texascivilrightsproject.org

Zachary Dolling
Texas Bar No. 24105809
Texas Civil Rights Project
P.O. Box 17757
Austin, TX 78760
(512) 474-5073 ext. 225
(512) 474-0726 (fax)
zachary@texascivilrightsproject.org

S. Denni Arnold
Texas Bar No. 24135562
Texas Civil Rights Project
P.O. Box 17757
Austin, TX 78760
(956) 290-9877
denni@texascivilrightsproject.org

Kate Gibson Kumar
Texas Bar No. 24137588
Texas Civil Rights Project
P.O. Box 17757
Austin, TX 78760
(512) 474-5073 ext. 225
(512) 474-0726 (fax)
kate@texascivilrightsproject.org

*Counsel for Petitioners-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record.

/S/ *Daniel Hatoum*
Daniel Hatoum
*Counsel for Petitioners-Appellees*

Dated: August 10, 2026

## CERTIFICATE OF CONFERENCE

Pursuant to 5th Circuit Rule 27.4, I hereby certify that on August 7, 2026, S. Denni Arnold for Petitioners-Appellees and Tiberius Davis for Respondents-Appellants conferred by email, and Respondents-Appellants are opposed and plan to file a response.

/S/ *Daniel Hatoum*
Daniel Hatoum
*Counsel for Petitioners-Appellees*

Dated: August 10, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the requirements of Fed. R. App. P. 27(d)(2)(A), 32(a)(5), 32(a)(6), and 5th Cir. R. 32.1, because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2, this document contains 3,120 words and has been prepared in a proportionally spaced typeface using Word in Microsoft Office Standard 2019 in Times New Roman 14-point font.

/S/ *Daniel Hatoum*
Daniel Hatoum
*Counsel for Petitioners-Appellees*

Dated: August 10, 2026