**No. 26-50280**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**ADRIAN CONEJO ARIAS;**
**L.C.R., a minor child by and through his parent and guardian Adrian Conejo Arias,**

**Petitioners-Appellees,**

**v.**

**MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; TODD WALLACE BLANCHE, U.S. Attorney General; DAREN K. MARGOLIN, in his official capacity as Acting Director of the Executive Office of Immigration Review; JOSE RODRIGUEZ, JR., in his official capacity as the Warden of the Dilley Immigration Processing Center in Dilley, Texas,**

**Respondents-Appellants.**

---

# RESPONDENT'S MOTION TO RECONSIDER IN PART THE COURT'S ORDER DENYING THE MOTION TO SUPPLEMENT THE RECORD ON APPEAL

---

Respondents-Appellants, through undersigned counsel, respectfully move the Court, under Fifth Cir. R. 27.2, for reconsideration in part of the August 24, 2026 single-judge order denying Respondents' motion to supplement the record on appeal. Under that rule, a party may request reconsideration by a full panel of an order issued by a single judge. Further, Respondents request that the motion for reconsideration—and the request to supplement the record with the email from Judge Biery—be carried with the appeal and considered by the panel that will decide the case on the merits. Respondents seek reconsideration only of the portion of the August 24, 2026 order denying Respondents' motion to supplement the record with an email sent from District Court Judge Biery to the parties, after he granted the habeas petition, relating to a mural that included him and the Petitioners that he was hoping to have commissioned. Petitioners, in their opposition to the motion to supplement, took no position as to the inclusion of this email. Pet'r Opp. 1 n.1. As a result, that part of the motion was unopposed.[1] This Court recently granted an unopposed motion to

[1] Petitioners oppose the partial motion to reconsider.

supplement the record. *See W.M.M. v. Trump*, 25-10534, Dkt. 174. It should have done so here.

As set forth in Respondents' motion to supplement, the court of appeals may supplement the record "if anything material to either party is omitted from . . . the record by error or accident," Fed. R. App. P. 10(e)(2)(C), or in "extraordinary circumstances," *see United States v. Myers*, 772 F.3d 213, 217-18 (5th Cir. 2014); *Byrne v. Butler*, 845 F.2d 501, 513 n.10 (5th Cir. 1988); *see United States v. Mori*, 444 F.2d 240, 246-47 (5th Cir. 1971). Here, Respondents respectfully submit that such an extraordinary circumstance exists due to the clear bias exhibited by Judge Biery. As shown in Respondents' opening brief and motion to supplement, Judge Biery issued a decision in an incredibly expeditious manner and on a basis raised by neither party. ROA.26-50280.101-03 [*Arias* Dkt. No. 9]; *see* Res'p Br.14-16, 19-21; *see also* Res'p Supp. Mot. 2-4. He then excoriated the government on this legally and factually erroneous ground. ROA.26-50280.101-03 [*Arias* Dkt. No. 9]; *see* Res'p Br. 15-16, 19-21.

Indeed, this Court has recently considered reassignment in an arguably less egregious circumstance *sua sponte*. *See Jackson Fed of Tchr v. Fitch*, 25-60496, dkt. 101. There, this Court ordered briefing on whether a judge should be reassigned for apparently using AI to draft orders. *Id*. That *sua sponte* decision appears to have been related a U.S. Senate inquiry, which is likely post-judgment extra record evidence.[2] If evidence that a district court was using AI inappropriately is grounds for reassignment then surely sending the parties a post-judgment email lionizing himself with a seemingly AI-generated congratulatory mural is just as relevant to Respondent's request for reassignment (shown below).

---

[2] *See* Sara Merken, *US appeals court considers reassigning case from judge over AI use*, (August 24, 2026), https://www.reuters.com/legal/government/us-appeals-court-considers-reassigning-case-judge-over-ai-use-2026-08-24/?taid=6a8d0791da5a710001288704&utm_campaign=trueanthem&utm_medium=social&utm_source=twitter.

| Table 1: Mural Sent By District Judge To Plaintiffs' Counsel |
| --- |
|  |
| Emailed text accompanying mural: "This picture is making the rounds here. It is a keepsake for all involved, especially [L.C.R.] and his Dad regardless of what country they end up in. In the meantime. there is a well-to-do lawyer with whom I grew up in a mixed Mexican-American/Anglo neighborhood about four miles from our courthouse who is going to commission a traditional San Antonio mural in the area. I suggested Congressman Castro, who followed me at the same neighborhood high school, be included as well." |

The email Respondents seek to have included in the record strongly reflects Judge Biery's bias against U.S. Immigration and Customs Enforcement ("ICE") and is compelling proof that he will not issue a fair decision in this case and that the case, therefore, should be reassigned to

a different judge in the event that it is remanded. Judge Biery has interjected himself directly into this case and has shown clear interest in Petitioners prevailing regardless of the facts or law. Indeed, after granting Petitioners' habeas petition, Judge Biery sought to have a mural commissioned, to include a picture of him and Petitioners and potentially even a congressman. This occurred after final judgment had been entered, so Respondents did not have a chance or mechanism to place it in the record below.

The email is one of the primary reasons Respondents seek reassignment of this case on remand as it exhibits clear bias. Judge Biery seeking to have commissioned a mural of himself with Petitioners after ordering them released is clearly not behavior evidencing impartiality. Moreover, the media has taken interest in Judge Biery's inappropriate order.[3] The public thus also has an interest in this evidence. This Court therefore should consider this important post-judgment evidence of

---

[3] *See* Critic's Notebook, *In Under 500 Words, a Judge Weaponized Wit to Free the Child Detained by ICE*, https://www.nytimes.com/interactive/2026/02/03/books/judge-ruling-liam-conejo-ramos-analysis.html.

Judge Biery's improper behavior and bias that warrants reassignment for any further proceedings.

Accordingly, Respondents respectfully request that a full panel of this Court reconsider in part the single-judge order denying the motion to supplement the record with the email from Judge Biery, attached to this pleading.[4]

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 860-8970

September 3, 2026

Attorneys for Respondents-Appellants

---

[4] Respondents do not seek reconsideration of the portion of the single-judge order denying Respondents' motion to supplement with a declaration from an ICE agent or Petitioners' cross-motion to supplement with their own declarations.

## CERTIFICATE OF CONFERENCE

Pursuant to 5th Circuit Rule 27.4, I certify that, on August 31, 2026, Petitioners' counsel indicated that Petitioners are opposed to this motion and intend to file a response.

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 860-8970

## CERTIFICATE OF SERVICE

I hereby certify that, on September 3, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 860-8970

## CERTIFICATE OF COMPLIANCE

I certify that the attached complies with the requirements of Fed. R. App. P. 27(d)(2), 32(a)(5), & 32(a)(6) because it contains 895 words and has been prepared in a proportionally-spaced typeface, using Word for Microsoft 365, in Times New Roman 14-point font.

*s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 860-8970